UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELMORE S. WELCH, Jr.,           )
                                )
            Plaintiff,          )
                                )
-v-                             )   Civil Action No. 07-0057 RWR
                                )
JEFFREY ATKINS and              )
ANN McCAMEY,                    )
            Defendants.         )
                                )

DEFENDANTS' MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW

Elmore S. Welch, Jr., who is proceeding pro se, filed this action in the United States District Court for the Southern District of Alabama, alleging that two employees of the Clerk's Office of the Supreme Court improperly declined to accept for filing his petition for a writ of certiorari. The complaint seeks as damages $500,000 and "back pay." The case was transferred to this Court in January 2007. The complaint is unclear as to the legal basis for plaintiff's action and as to whether he is suing the Supreme Court employees in their official or individual capacities. As we explain below, in either event the complaint fails to state a claim upon which relief can be granted. Additionally, the defendants have not been properly served. The complaint should be dismissed.

In ruling on this motion, the Court may consider the complaint and the attachments to the complaint. Fed. R. Civ. P. 10(c) and, e.g., Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004). These show that in June 2005 plaintiff submitted a

petition for a writ of certiorari to the Supreme Court. See complaint, "Grounds for Appeal," at 1. The petition apparently sought review of a ruling by the Eleventh Circuit that a civil complaint filed by plaintiff was properly dismissed for failure to prosecute and failure to comply with court orders. See Welch v. Comcar Industries, 139 Fed. Appx. 138 (11th Cir. 2005). Defendant Jeffrey Atkins, an employee of the Office of the Clerk at the Supreme Court, returned plaintiff's submission for failure to comply with several Court rules. See June 29, 2005, letter from Jeffrey Atkins to plaintiff, unnumbered exhibit to complaint. The letter from Mr. Atkins informed plaintiff that he would be required to correct the deficiencies within 60 days.

In the following weeks, plaintiff forwarded to the Supreme Court additional correspondence requesting that the Clerk's Office accept his submission for filing. For instance, an August 3, 2005, letter from Mr. Atkins to plaintiff reflects that the Court received another submission on August 2, 2005, but that the submission did not correct the errors noted in the June 29, 2005, letter. An August 16, 2005, letter from defendant Ann McCamey, then also an employee of the Clerk at the Supreme Court, similarly reflected that plaintiff had not made the required changes. And an August 31, 2005, letter from Ms. McCamey informed plaintiff that because he still had not made the required changes, and because more than 60 days had passed since the initial letter,

his petition was out-of-time.

Although the complaint is unclear as to the legal basis for the action, we assume that the complaint seeks to recover from the defendants under a common law tort cause of action or under a constitutional tort cause of action. The Federal Tort Claims Act ("FTCA") is the exclusive remedy to obtain money damages arising from non-constitutional torts committed by federal employees acting within the scope of their employment. See 28 U.S.C. § 2679(b)(1). Where the Attorney General or his designee certifies that an individual defendant was acting within the scope of his or her federal employment at the time of the incidents in question, the civil action is deemed to be one against the United States under the FTCA, and the United States is substituted as the defendant. See 28 U.S.C. § 2679(d)(1).

The Chief of the Civil Division of the United States Attorney's Office for the District of Columbia has been designated to make such certifications. Attached hereto as Exhibits A and B are certifications by the Chief of the Civil Division that the two defendants in this action, Mr. Atkins and Ms. McCamey, were acting within the scope of their federal employment at the time of the incidents alleged in the complaint. Accordingly, the United States should be substituted as the sole defendant with respect to any common law tort claims raised in this action.

Once the United States is substituted, all claims against it

should be dismissed.  Prior to instituting a civil action under the FTCA, a plaintiff must file an administrative claim with the relevant federal agency.  See 28 U.S.C. § 2675(a).  Presentment of an administrative claim is a jurisdictional prerequisite to suit under the FTCA.  See, e.g., GAF Corporation v. United States, 818 F.2d 901, 905 (D.C. Cir. 1987).  Plaintiff in this action makes no allegation that he has ever presented an administrative claim to the Supreme Court or to any other federal agency.  For that reason alone, the complaint should be dismissed as to the substituted defendant, the United States.

But even if plaintiff had presented his claim administratively and it had been denied, his FTCA claim would still have to be dismissed.  This is because the FTCA specifically provides that the United States is entitled "to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee...."  28 U.S.C. § 2674.  In this case, the two individuals named as defendants are entitled to absolute judicial immunity.

The law is well established that judges enjoy absolute immunity from civil claims when the complaint challenges actions taken as part of their official duties.  See, e.g., Butz v. Economou, 438 U.S. 478 (1978); Pierson v. Ray, 386 U.S. 547 (1967).  "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer,

in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles v. Waco, 502 U.S. 9, 10 (1991), quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872).  The courts have also held repeatedly that court employees, including clerks, have a similar absolute immunity from suit when they are carrying out functions that are an integral part of the judicial process.  See, e.g., Sindram v. Suda, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993).

In this case, it is clear that the Supreme Court employees who returned plaintiff's proposed petition unfiled were carrying out official functions that are an integral part of the judicial process.  The exhibits to the complaint establish this point, as they reflect that the Supreme Court Clerk's Office received plaintiff's petition and deemed it not to be in compliance with relevant provisions of the Court's rules.  Because the Supreme Court employees named in the complaint enjoy absolute immunity from plaintiff's claims, such immunity flows to the United States under the FTCA.

Although the FTCA generally requires the substitution of the United States as the defendant for all tort claims against federal employees acting within the scope of their employment, this substitution requirement does not apply to constitutional tort claims filed against a federal employee in his or her

individual capacity.  To the extent that the complaint in this case asserts constitutional tort claims against the two defendants (which it does not appear to do), the defendants' conduct falls within the doctrine of absolute judicial immunity, as discussed above.  This is a complete bar to plaintiff's recovery under a constitutional tort theory.

Finally, the docket of the District Court in Alabama and the docket in this Court fail to show that proper service has been made on the two defendants in either their official or individual capacities.  Under Fed. R. Civ. P. 4(i)(2), the appropriate United States Attorney's Office must be served with a copy of the summons and complaint.  There is no evidence in the docket of this Court or the Alabama Court that such service has been made.  There is also no evidence in the dockets that the person signing the certified-mail return-receipt green card at the Supreme Court, referred to in docket entry 4 in the PACER report from the Southern District of Alabama (Mobile), was a person authorized to accept service for the defendants.  Plaintiff's failure to serve the summons and complaint as required by Rule 4(i)(2) means that the complaint should also be dismissed pursuant to Rule 12(b)(5).

Attached hereto is a draft order reflecting the requested relief.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, D.C. Bar #458610
                              United States Attorney

                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney
                                      /s/
                              FRED E. HAYNES, DC Bar #165654
                              Assistant United States Attorney
                              555 4th Street, N.W., Room E-4110
                              Washington, D.C. 20530
                              202.514.7201

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ELMORE S. WELCH, JR.,              )
                                   )
            Plaintiff,             )
                                   )
     -v-                           )   Civil Action No. 07-0057 RWR
                                   )
JEFFREY ATKINS and                 )
ANN McCAMEY,                       )
            Defendants.            )
_____)
```

ORDER

UPON CONSIDERATION of the motion to dismiss filed by defendants and the United States, and the record in this case, it is this _____ day of _____, 2007,

ORDERED that the motion is granted, and it is further

ORDERED that this case is dismissed with prejudice. This is a final, appealable order.

                              UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for defendants.

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2007, a copy of the foregoing motion to dismiss was served by first-class mail, postage prepaid, on:

> Elmore S. Welch, Jr.
> 141 ½ Carver Avenue
> Atmore, Alabama 36502

> /s/
> Fred E. Haynes, D.C. Bar # 165654
> Assistant United States Attorney
> 555 4th Street, N.W., Room E-4110
> Washington, D.C. 20530

```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

ELMORE S. WELCH, Jr.,           )
                                )
              Plaintiff,        )
                                )
-v-                             )   Civil Action No. 07-0057 RWR
                                )
JEFFREY ATKINS AND              )
ANN McCAMEY,                    )
              Defendants.       )
                                )
```

CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and redelegated to me on March 20, 2006, hereby certify that I have read the complaint filed in the above-captioned case. On the basis of the information now available to me with respect to the incidents alleged therein, I find that Jeffrey Atkins, at the time of the actions alleged in the complaint, was acting within the scope of his employment as an employee of the Clerk's Office of the United States Supreme Court.

```
March 14, 2007          RUDOLPH CONTRERAS, D.C. Bar No. 434122
                        Assistant United States Attorney
                        Chief, Civil Division
                        United States Attorney's Office
                        for the District of Columbia
```

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ELMORE S. WELCH, Jr.,           )
                                )
          Plaintiff,            )
                                )
-v-                             )  Civil Action No. 07-0057 RWR
                                )
JEFFREY ATKINS AND              )
ANN McCAMEY,                    )
          Defendants.           )
                                )
```

## CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and redelegated to me on March 20, 2006, hereby certify that I have read the complaint filed in the above-captioned case. On the basis of the information now available to me with respect to the incidents alleged therein, I find that Ann McCamey, at the time of the actions alleged in the complaint, was acting within the scope of her employment as an employee of the Clerk's Office of the United States Supreme Court.

March 14, 2007           RUDOLPH CONTRERAS, D.C. Bar No. 434122
                         Assistant United States Attorney
                         Chief, Civil Division
                         United States Attorney's Office
                         for the District of Columbia