Page
(2)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ELMORE S. WELCH JR.
        Plaintiff,

        V

JEFFREY ATKINS, and
ANN MCCAMEY
        Defendants

Civil Action No.
07-57 (RWR)

**RECEIVED**

OCT 1 5 2007

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT **COURT**

Motion to File a Memorandum

---

The Plaintiff do not object to Rule 56 of a Summary Judgment
Motion. As the Appellant, of my case I have the right to ask
about this Case No. of 06-822-KD-B, sense I was order to do
a Interrogatories record, I think it would be fair that Com-
car Industries INC, Coastal Transport,  INC,  pay the full
amount of triple Indebtment of $1,500.000.00. and back pay
of $ 75,000.00 and cost of Court, let these Appellees be the
one who flip .this bill, because the Appellees fail to show a
Stable Policy at the start of this Case and gave me a false
Medical Card and fired me over the weekend.

    Under Rule 56 of the Federal Civil Procedure, as order
by the Court, a Interrogatories is file with this Court, Rule
33 of the Alabama Rules of Civil Procedure, of 23 question...

INTERROGATORIES ANSWER

1. Elmore S. Welch Jr.
   141.5 carve ave
   Atmore, Al 36502
   Birth date 11-30-61
   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

2. (No)
   Comcar Industries, INC.
   8 Months
   cross country driver.
   $ 600.00 weekly

3. (No)
   None

4. CONST. CO BROWN ROOT CONST, CO.            1980-1981
   DANIEL CONST  CONST, CO.                    1985-1986
   ST, GABLE  ST, FRASHIVILLE CONCRETE         1990-1991
   UPS  WARE HOUSE AND WALMART HOUSE OUTLET    1991-1992
   DOLESE BROS INC, CONST,                     1993-1995
   ATMORE HOSPITAL SECURITY CO.                1995-1996
   EDWARE CHADBOURNE TRUCK DRIVE               1996-1997
   FFE TRANSPORTATION TRUCK DRIVE              2001-2001
   COSTAL TRUCKING TRUCKING CO.                2001--now

5. Stephen M. Gross, O.D.
   166 Lindberg avenue
   Atmore, Al 36502
   251-368-8767
   Eye Exam On        7-29-02   9-24-02   10-02O2   11-27-02

   James R. Dixon II. D.O.
   410 Medical Park Drive
   Atmore, Al 36502
   251 368-2346
   Doctor Visit for Sugar on   5-6-02   5-17-02   5-21-02   8-23-02

   Craiga Peterson, M.D.
   103 Elliott St,
   Brewton, Al 36502
   251   867-8001
   Surgical Treatment on  7-19-07   7-26-07

   Jon Yoder, M.D.
   402 Medical Park Drive
   Atmore, Al 36502
   251 368- 7974
   Treatment for blood sugre went up
   3 day in Hospital  7-5-07   7-31-07   10-9-07

   Dr. Judith R, Surles
   206 N. Maint St.
   Atmore, Al 36502
   251 368-5647
   Chiropractis visit for a pull muscle on   8-31-07

Dr. H.W. Linder
212 S.Main St
Atmore, Al
251 368-8558
Treatment for Eye Exam on    6-20-07

Doctor DUNSON
1088 Industrial Part Way
Saraland, Al
251 675-3666
Treatment for a Eye Exam on   8-25-07

Wade Faulkner M.D.
Infirmary I-65 Building
3290 Dauphin St. Suit 401
Mobile, Al 36606
251 471-5046
Surgical Treatment for my Eyes on   9-20-07

6. Atmore Communit Hospital
   P.O. Box 402515
   Atlanta, Ga 30384-2515
   251 368-2500
   Treatment for blood Suger went up Eye Presure up also
   on 5-10-02  7-5-07,.and Surgical Treatment on 7-19-07

7. E S. WElch was given a Medical Card by this Company in which
   my Card was never Activated for use, it was a false Medical
   Card, by not being able to see a Company Doctor at that time
   my Health condition change for the  worst,.

8. No Witness

9. No

10. To my Dispatcher

11. None

12. None

13. None

14. Social Security  benefit

15. E S. WElch  claiming a Disabled Contract Policy was falsify
    by this  Company to Steal Benefit for Profit Claiming Disable

16. $310 dollar weekly for my Contract, 5 years of back pay of
    $75,000.00 dollar

Page
(5)

17. No Seventeen

18. None

19. No-because of a un control blood suger and very poor Eye
    Sight that change all the time

20. I lost my Eye Sight when entering my home town,  I was fired
    after the weekend, I went to the Company Doctor that Monday
    he could not see me, and my Medical Card was  no  good

21. Entering Atmore, A1 on I-65 losing my Eye Sight, Call made
    to Dispatcher of my condition

22. To my Dispatcher, he would contact Mr. wesly the Boss

23. My Father, he had to pick me up from the Truck stop  some
    time around 6;00pm, I think Friday Noon


Done this ------14th)------------day of September, 2007.

ELMORE S. WELCH JR.

Notary ----------------------

My Commission Expires Nov. 8, 2010

Page 6
1 thru 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ELMORE S. WELCH, JR.           )
                               )
          Plaintiff,           )
                               )
vs.                            )    Civil Action No. 03-0281-WS-B
                               )
COMCAR INDUSTRIES, et al,      )
                               )
          Defendants.          )

---

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

---

Comes now the defendant, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following interrogatories to the plaintiff to be answered within the time and scope of the law:

1.    State your correct name, residence address, business address, date of birth and social security number.

2.    Are you presently employed?  If so, state the name of your present employer, how long you have been employed there, what your present duties are, and your average weekly wage.

3.    Have you ever been a plaintiff or defendant in a lawsuit before the time of

Page 7

the filing of this suit? If so, for each such lawsuit, state the following:

      a.    The style and civil action number of each lawsuit.

4.    State the name and address as best known to you of each and every employer that you have had during your working career, how long you worked for each employer, and your reason for leaving.

5.    Give the name and address of each and every doctor or physician who has treated you within the last fifteen years. State when you received such treatment and what treatment you received.

6.    Give the name and address of each and every hospital in which you have been hospitalized for any reason whatsoever within the last fifteen years. State the dates of each hospitalization, the reason for each hospitalization and the treatment received.

7.    State how the injury or accident occurred for which you make claim for benefits in this case.

8.    Identify by name and address each and every witness to the incident in which you were injured.

9.    Were any photographs taken of either the area where the injury occurred or the instrumentality causing the injury? If so, identify who took such photographs and were such photographs are presently located.

Page 8

10.    State to whom you reported the injury made the basis of this suit and when the injury was reported.

11.    Give the name and address of each and every hospital in which you received any treatment for the injuries made the basis of this suit.

12.    Give the names and addresses of each and every doctor or physician who has treated you for any injuries received in the accident made the basis of this suit.

13.    If you have any medical expenses that have been incurred that have not been paid for, please identify each and every expense so incurred.

14.    Are you claiming any temporary total disability as a result of the accident made the basis of this suit which has not to date been paid? If so, state for what periods you claim to have been temporarily and totally disabled.

15.    If you are claiming to be permanently and partially disabled as a result of the accident made the basis of this suit, what permanent and partial disability are you claiming?

16.    Do you claim to have lost any earning capacity as a result of the accident made the basis of this suit and, if so, what earning capacity have you lost?

18.    Give the name and address of any vocational consultants whom you have seen since the accident. What recommendations were made to you concerning your condition?

3

*Page 9*

19.    Are you able to do the same type work that you were doing prior to the accident made the basis of this suit?  If not, state the following:

      a.    What type work you are not presently able to do that you were able to do or were doing prior to the accident made the basis of this suit.

20.    Was your injury made the basis of this lawsuit suffered while on the job with Defendant Coastal Transport?

21.    If your injury was not suffered on the job, where were you when you were injured?

22.    Did you notify anybody at Defendant Coastal Transport of this injury?

23.    Did you notify anybody of this injury?  If so, who?  When?

Thomas J. Skinner, IV (SKINT5009)
Carl K. Dowdey, III (DOWDC9895)
Attorneys for Defendants,
Comcar Industries, Inc. and
Coastal Transport, Inc.
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, AL  35223
Phone:  (205) 967-8822
Facsimile:  (205) 967-2380

4

Page 10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing document has been served upon all counsel of record, properly addressed, to the following:

> Elmore S. Welch, Jr.
> 141 ½ Carver Ave.
> Atmore, AL  36502

On this the _30th_ day of __June__, 2004.

Of Counsel

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTION,D.C. 20001

C 07-57-RWR

*1 thru 4*

Elmore S. Welch Jr.
      Petitioner
   vs.
Comcar Industries, Inc.
Coastal Transport, Inc.
Clerk Ann McCamey, et al
      Defendants

Affidavits Statements    1

A Motion to a More Definite Statement

A letter from the Court on June 9, 2005 suppose to have been a simple petition file, but

this was not the issue contain to this matter, my Petition was placed on an 8 1/2 x 11 inch

standard form from the court.


On June 29, 2005 Court set the rule on a motion for the Issue under rule 33.2 and rule 39,

in this case, this rule fail on a standard size paper of 8 1/2 x 11 inch paper.


Now under rule 38 for docketing and proceeding or motion you must pay a docket fee of

three hundred dollars.  My three hundred dollars does not have anything to do with any

paper size of 6 1/8 x 9 1/4 inch Booket format.  That s a court "tactic" you used to keep

from filing Negro cases.


On August 16, 2005, this court sent my petition back for failure to reflect the change.

There was no changes to be made, only change was to be made was adding an Appendix

sheet to my petition, and that was done.

RECEIVED

AUG 8 - 2006

OFFICE OF THE CLERK
SUPREME COURT, U.S.

Page 12

On August 18, 2005 a filing fee of three hundred dollars, under Rule 38 was enclosed, this

court used my filing fee as a court "tactic" game to keep from filing my case. Paper size

was already stated June 29, 2005 of rules stated, under rule 33.2. My petition was

corrected and finished between June 29, 2005 to August 26, 2005.


Pertaining to the court record of September 16, 2005, the court stated failure to reflect

changes requested of my petition on a 8 1/2 x 11 inch paper size concerning the issue of

June 9, 2005 letter from court stated under rule 13.


A petitioner has 90 days to submit a petition for a writ of certioraril. Now from the court

post mark date of June 23, 2005 to August 31, 2005 is 69 days, the petitioner still has 21

days to make any changes to my petition, my change never was to make my petition on a

6 1/8 x 9 1/4 inch booket format, because I a m not a lawyer, and I don't know how to get

that done.

This court never referred me to anyone who could do this. I the petitioner signed all there

was to sign in requesting for a lawyer, this court rejected my request. This court knew I

was loosing my eye sight and I could not handle my own case, but that never stopped

these clerks, they wanted this case dismissed before it came to court at any cost.


Now from rule 33.2 in paper size at 8 1/2 x 11 inch. I still had 21 days left from June 23,

2005 to August 31, 2005.

Now on record of June 29, 2005 letter that I received stated at the bottom of this letter, I had 60 days from date of this letter, the petition will not be filed under Rule 14.5 now from June 29, 2005 to August 31, 2005 is 59 days, not sixty.

I want this court to know that this dumb clerk rejected my case while I still had 21 days left as of June 23, 2005 to August 31, 2005, pertaining to paper size of 8 1/2 x 11 inch of the 90 days for my petition.

Then this dumb clerk indicated June 29, 2005 if I intend to pay a $300.00 docket fee, the petition must be on paper that measures 6 1/8 x 9 1/4 inch. This clerk added rule 14.5 in with same time of rule 13. From June 23, 2005 to June 29, 2005 is 6 days under rule 14.5. You can not add a 60 day deficiency in at the same time of a 90 days petition is already in process that would have been taking place after August 31, 2005.

Clerk Jeffrey Atkins knew this clerk made a misjudgment of a ruling. The court sent me a letter November 17, 2005 to file a motion to clerk to file a petition for a writ of certiorari under rule 14.5 with a motion, and a writ of certiorari.

A motion an a 6 1/8 x 9 1/4 petition booket format was sent to the court and on January 23, 2006, Clerk Ann McCamey rejected my motion and petition four times and never signed her name to it. I believed she was paid under the table to do this. A motion is being placed on her as of February 14, 2006 in a suit of two million dollars and cost of court. A copy will be sent to this Attorney General Office by certified mail and The

Department of Justice.

Done this _____ 2 _____ day of August 2006.

E.S. Welch Jr.    Elmore S, Welch g
Notary

Sonya Ellis

My Commission Expires March 11, 2010

*Page 15*

*1 thur 5*

UNITED STATES DISTRICT COURT tT
FOR THE DISTRICT OF COLUMBIA
WASHINGTION D. C. 20001

, 07-57-RWR

**Elmore S. Welch, Jr**
                **Petitioner**

**Vs.**

**Comcar Industries, Inc.**
**Coastal Transport, Inc.**
**Clerk Ann McCamey, et al**
                **Defendants**

                        Affidavits Statement    2

A motion for leave under Rule 12 to file a booket format in the size **of 6 1/8 x 9** ¼

inch to be filed, and the docking fee of $300 dollars.

On June 23, 2005, Clerk Jeffrey Atkins set the stage for a indigent case, under

Rule 33.2 and 39 in proceedings in forms pauperis Rule 28 U.S.C. 1746 of the notarized

affidavit or declaration in compliance was file with the court, a motion for leave to

proceed in forma pauperis was filed together.  Clerk failed to place petition on file under

rule 39.4 of Rule 39.6 whenever the court appoints counsel on the merits submitted by

that counsel, unless other wise requested, shall be prepared under the Clerks supervision

certain to Rules 39.7 and 39.8.

Under Rule 33.1 State-A Booklet format (a) Except for a document expressly

permitted by these rules to be submitted on a 8 ½ x 11-inch paper see, e.g., Rules 21, 22,

and 39.

RECEIVED

SEP 6 - 2006

SUPREME COURT, U.S.

Under Rule 33.2 State A 8 ½ x 11 inch paper format; (a) The text of every document, including any appendix there to, expressly permitted by these rules to be presented to the court on a 8 ½ x 11 inch paper shall appear double spaced, except for indented quotations, which shall be single spaced opaque unglazed, white paper.

Under Rule 33.2 (b) State-Page limits for documents presented on 8 ½ x 11 inch paper are: 40 pages-for a petition for a writ of certiorari, Jurisdiction statement, Petition for an extraordinary writ, brief in opposition, or motion to dismiss or affirm.

Under Rule 34 (f) the foregoing shall be displayed in an appropriate typographic manner and, except for the identification of counsel, may not be set in type smaller than standard 11 point, if the document is prepared as required by Rule 33.1, 33.2 and 33.3.

These clerks clearly knew that this case was a Indigent case file contain to June 23 post mark date.

The indigent rules of my case was stated on June 29, 2005.  Now on June 29, 2005, August 3, 2005, August 16, 2005 and August 31, 2005, this clerk Ann McCamey stage a paper size of 6 1/8 x 9 ¼ inch to a Indigent case of Rules 33.2 and 39.  How big a fool could I have been to send this court all of my business to try to get appointment of counsel, then be able to pay for a booklet format of 6 1/8 by 9 ¼ inch and pay $300 docket fee being disable and not being able to see.

From June 29, 2005, August 3, 2005, August 16, 2005, until August 31, 2005 was never stated in Rule 33.2 and Rule 39 that was right size paper to file with court. As a clerk you never stated in any of your 3 letters that this case must be filed on a 6 1/8 x 9 1/4 inch paper until you dismissed case on August 31, 2005, that was your intention to do. So, you change my case from a Indigent case of Rule 33.2 to Rule 33.1 within 15 days the petition never knew that the corrected petition must be on small paper contain to Rule 39, if I intend to pay the $300 docket fee. I would have filed under Rule 33.1. I am not going to let you change the Rules by this court, you will not change my Petition in 15 days of August 16, 2005 to August 31, 2005, don't put my booket format under a lamp like last time. You destroy it just because you could. My last booket format was personally destroyed by this court.

Done this _____ 23 day August 2006.

Elmore S. Welch Jr. _____

Notary

_Lucille King Swift_

My Commission Expires May 15, 2007

No._____

_____

# IN THE
## Supreme Court of The United States
### October Term, 1998- 1999

### E.S. Welch Jr. Petitioner

VS.

Comcar Industries , etal

_____ Respondents

I, **E .S. Welch Jr.** do Swear or declare that

On This date 11/30/05 As Required by Supreme Court Rule 29 I have  Served the enclosed Motion For Leave To Proceed in

**Forma Pauperis and Petition for a Writ of Certiorari on All Parties-**

**Each Party shall be served by U.S. Certified Mail**

**Parties Served:**

**Comcar Industries**
**Costal Transportation**
**2501 20th Place South, Suite 300**

**Birmingham, Al. 35223**

**Petitioner, E.S. Welch Jr. will comply with Rule 39 that Require No Fee to clerk office this action Rule 33- and 34-this writ of Certiorari was Ordered by the Supreme Clerk, the Hon. Williams K. .Suter Clerk, for Clerk Jeffrey Atkins**

**I, Here by shall Serve All Parties by U.S. Certified MAIL A Motion a Ordered by the Court Letter November 17,2005**

Done This _Nov 30  05_

E.S. Welch Jr _[signature]_

Notary _Macy M. Hodgen_

My Commission Expires August 17, 2007

Dated this *30th* day of *January*, 2006.


                                        ELMORE S. WELCH JR.
                                        141½ CARVER AVE
                                        ATMORE, ALA 36502.
                                                251-368-9213

                    CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing document

has been served upon all counsel of record, properly addressed,

to the following:


        THOMAS J. SKINNER, IV (SKINT 5009)

        CARL K. DOWDEY, III (DOWDC9895)

        Attorneys for Defendants,

        Comcar Industries, Inc. and

        Coastal Transport, Inc.

        Lioyd, Gray & Whitehead, P.C.

        2501 20th Place South, Suite 300

        Birmingham, Al 35223

        Phone: (205) 967-8822

        Facsimile: (205) 967- 2380

On this *30th* day of *January* 2006.

                                    Of Pro se

*Tracey M. Hooper, Notary Public*
My Commission Expires August 17, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHIGTION, D.C. 20001

07-57-RWR

Elmore S. Welch, Jr.
       Petitioner

  vs.               Affidavits Statements   3

Coastal Transportation
Comcar Industry Inc.
Ann McGamey

Attention: Chief Justice

In Regards To: Clerk William K. Suter
              Clerk Jeffry Atkins
              Clerk Erik Fossum

RECEIVED

OCT 5 - 2006

OFFICE OF THE CLERK
SUPREME COURT, U.S.

In the proceeding in the forma pauperis in the guide for the perspective indigent

petitioners for Writ of Certiorari was filed on June 23rd of 2005 by U.S. Certified Mail of

Rule 29.


      No. #1: Motion signed for leave to proceed in the forma pauperis.

      No. #2: The affidavit or declaration sheet in the support of motion for leave to

      proceed in the forma pauperis was signed.

      No. #3: Proof of Service was signed.

      No.#4: The name of the last court that ruled on the merit of my case form was

      signed.


This court has perjured themselves against me of my case. This court has constantly

stated that I was out of time. This court never placed me in time of Rule 33.2 to be

placed on docket, to receive a case number or to be given appointment of counsel by this court as requested by this plaintiff.

The court and Law Firm, both received my petition and appendix.

Proof of Service Sheet will show June 23rd of 2005 was signed and sent by U.S. Certified Mail on June 23rd. Copies of these proofs are enclosed.

For the Record, This court failed to stamp or sign this petition of the appendix record on 8 ½ X 11" paper standard for a indigent case for June 23rd of 2005.

Done this _____29th_____ day of _____Sept_____ 2006.

Elmore S. Welch Jr

Notary

_Lucille King Swift_

My Commission Expires May 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHI~~GTON, D.C. 20001

07-57-RWR

Elmore S. Welch, Jr.
Versus
Jeffrey Atkins
Ann Mc Camey                    Affidavits Statements    4

Grounds for an Appeal from the U.S. Supreme Court to The United States District Court
for Southern Dist. of Alabama.

This section is before Court of Rule 1, Rule 12, Rule 28, USC1746, Rule 33., Rule 33.2,
Rule 34, Rule 29, Rule 38 and 39.

The U.S. Supreme Court sent copies to the Petitioner pertaining to a guide for prospective
indigent petitioners for Writ of certiorari to be filed with the Petition, under rule 33.2 and
34 (Preparing Pleadings on Paper that's 81/2 x 11 inch).

My record will show that these two clerk are in violation of rule1, the clerk.

On June 23, 2005 a complete Writ of Certiorari and Appendix were filed with the Guide
for Prospective Indigent Petitioners for Writ of Certiorari to be granted under these rules.

No#1 Motion for leave to proceed in forma Pauperis of Rule 39 was signed and placed in
the petition file on June 23, 2005.

No#2 Affidavit or Declaration in support of motion for leave to proceed in forma
pauperis, was signed and placed in the petition file on June 23, 2005. Same affidavit or
declaration was also sent again in December 8, 2005.

No#3 Proof of Service was signed and placed in Petition file on June 23, 2005 and served
by first class mail to both. The Law Firm and The U.S. Supreme Court. Proof of Claim
by Certified Mail with the white receipt of June 23, 2005 mailing record is in accordance
with Rule 29-Proof of Service.

No#4 Name of Court that last rule on merits of your case, was given with the file of June
23, 2005.

My case was post marked June 23, 2005 but was not adopted by this court, these (4)
listing were given by the court, and stated on June 29, 2005. These (4) listings No.1,2,3,
and 4 claimed I did not sign my name to these listings. On June 23, 2005, I did sign my
name.

Rule 14.1 (g), 14.1 (i), 14.1 (h) and Rule 10 failure to comply with these contents were stated in the Petitioners' file. The Petitioner mailed a notarized letter on July 6, 2005 by Certified Mail to the U.S. Supreme Court to reply to the letter sent on June 29, 2005 by Clerk Jeffrey Atkins.

In a letter from the court dated August 3, 2005, Jeffrey Atkins still stated the Petitioner failed to reflect the changes. There is no paper size discussed in this letter also of a 6 1/8 x 9 1/4 inch, Jeffrey Atkins letter only stated Rule 39 and Rule 14.1 (i). That's on Record with this Court. I want this Dist. court to make sure you pay attention to failure to reflect the changes. Remember we are still on Rule 33.2 and Rule 39, he is nitpicking my case now.

On August 16, 2005, a letter mailed from court by Ann McCamey stated a failure to reflect the changes requested in a prior correspondence, there is no paper size discuss in this letter also of a 6 1/8 x 9 1/4 inch.

An Appendix Reference sheet that I typed on August 18, 2005 was a reference for the complaint made in the August 16th letter that was sent from the Court. This Appendix Reference sheet was not attached to the Petition complaint when court return the Petition, (back) for the August 31, 2005 Letter.

On August 31, 2005, a letter from the court sent by Ann McCamey referred back to the June 29, 2005 letter and indicated if you intend to pay the $300.00 dollar docket fee, the Petition must be in the booklet format on paper that measures 6 1/8 x 9 1/4 inch. The Paper size changed with a blink of an eye with this court. June 29, 2005 letter stated rules 14, 33.2, 33.1 and 39, the Petitioner never intended to pay a $300.00 dollar docket fee, the Petitioner paid for a rehearing of $200.00 dollars. If I intend to pay a $300.00 dollar money order between June 23, 2005 thru August 31, 2005, I would like very much to see that paper work of that transaction from Court. If a $300.00 dollar money order was sent between this time, I have no record of it.

There was no money order involved to be returned to the Petitioner on August 31, 2005, that was a lie from clerk. The letter from court August 16, 2005 the Petitioner stated at the bottom of that letter stated, all changed and correction were made to the Petition for August 16, 2005. When this court file my Petition, I will serve copy to the defendants, filing fee of $300.00 dollar under Rule 38 enclosed. This statements was made pertaining only to Paper Size of 6 1/8 x 9 1/4 inch.

The Petitioner replied back to a letter from court, that was dated August 31, 2005. Concerning statements which are in question of the September 12, 2005 letter that was received by Court on Sept. 16, 2005 at 10:42 time of file.

This court from June 29, 2005 to August 16, 2005 never ordered or stated my Petition was on any wrong size paper for a 6 1/8 x 9 1/4 inch until August 31, 2005. The clerk stated the Petitioner was out of time (according to Rule 14.5) in Paper Size measuring 8 1/2 x 11 inch standard for filing with court.

The Petitioner filed a motion and a 6 1/8 x 9 1/4 inch booklet format, with a $300.00 dollar money order enclosed, with a letter stated from the court November 17, 2005 to do so, by Jeffrey Atkins.  Ann McCamey received that Petition in court and replied back with a letter of Jan. 23, 2006 and would not state her name by signing her own letter from Court. My action was file under Rule 12, for docket a case.

The U.S. Supreme Court would not adopt their own Petition for Writ of Certiorari form that I completed for them.

These statements are organized with Court letters with the indicated dates and attached with a civil summons.

Done this  2nd  day  Nov  2006

Elmore S. Welch Jr.  Elmore S Welch jr

Notary  Lucille King Swift

My Commission Expires May 15, 2007

*Page 25*
*1 thur 14*

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC  20543-0001

June 9, 2005

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

RE: Elmore S. Welch, Jr. v. Comcar Industries, et al.

Dear Mr. Welch:

The notice of appeal received June 9, 2005 appears to pertain to a decision of the United States Court of Appeals for the Eleventh Circuit.  Your papers are herewith returned.

You may seek review of a decision only by filing a timely petition for a writ of certiorari.  The filing of a notice of appeal is not a prerequisite for filing a petition for writ of certiorari and does not preserve the time for filing a petition for writ of certiorari.  You must submit a petition for writ of certiorari within the 90 day time limit pursuant to Rule 13.  A copy of the Rules of this Court and a sample petition are enclosed.

Sincerely,
William K. Suter, Clerk
By:
Jeffrey Atkins
(202) 479-3265

*A two hundred Dollard money is for my file fee to the court*

RECEIVED
JUN 29 2005
OFFICE OF THE CLERK
SUPREME COURT, U.S.

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

June 29, 2005

*This is Just A tort case*
*PAY off contract Policy*

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

RE: Elmore S. Welch, Jr. v. Comcar Industries, et al.

Dear Mr. Welch:

*This Court Never order the Defense to send*
*there writ to the Petitioner to Compare.*

The above-entitled petition for writ of certiorari was postmarked June 23, 2005 and received June 29, 2005. The papers are returned for the following reason(s):

*1.* — No motion for leave to proceed in forma pauperis, signed by the petitioner or by counsel, is attached. Rules 33.2 and 39. The motion must be signed.

*2.* — No notarized affidavit or declaration of indigency is attached. Rule 39. You may use the enclosed form.

*3.* — The petition fails to comply with the content requirements of Rule 14, in that the petition does not contain:

*4.* — A concise statement of the case. Rule 14.1(g).

*5.* — The reasons relied on for the allowance of the writ. Rules 10 and 14.1(h).

*6.* — The appendix to the petition does not contain the following documents required by Rule 14.1(i):

*7.* — The opinion of the United States district court must be appended for the Southern District of Alabama (dismissal of the case).

Please correct and resubmit as soon as possible. Unless the petition is received by this Office in corrected form within 60 days of the date of this letter, the petition will not be filed. Rule 14.5.

A copy of the corrected petition must be served on opposing counsel.

*4. only thing need to be added to Rule 14.1(g)*
*is my Record of — Exhibits Material*
*1. Employee Benefit Package,*
*2. My Benefits Enrollment/Change form Contract.*
*3. my Check Stubs,*
*4. United States District Judge order*
*5. An my medical records, Social Security Records.*

If you intend to pay the $300.00 docket fee, the petition must be in booklet format and on paper that measures 6 1/8 by 9 1/4 inches.  Rule 33.1.  Your $200.00 Money Order is herewith returned.

Sincerely,
William K. Suter, Clerk
By:

Jeffrey Atkins
(202) 479-3263

Mr. Jeffery Atkins you stated if I send you my filing fee of $300.00 my booklet format must be on paper that measure 6⅛ by 9¼ inch. That not true.

Ynder Rule 21(c) 22(2) 29(3) 33(2) 38(a) 39(2)(3)(4) state different.

These Rules don't order are state a pro se petition to enter that Rule of 33.1 a counsel must state that issue.

Enclosures

THE SUPREME COURT OF THE UNITED STATES

THE OFFICE OF THE CLERK

WASHINGTON, D.C.  20543-0001.

*July 6, 2005*

OFFICE OF THE CLERK

    RE: Elmore S. Welch Jr. V. Comcar Industries, et al.

  Reply back to the June 29, 2005 letter for the following

  reason(s).

1. Rule 32-39) will be signed.

2. Rule 39) The sum of $300.00 is Enclosed as ordered by

   the Court.

3. Rule 14) The Petitioner send this Court my proof of

   material, but was returned.

4. Rule 14.1(g) in concise of this rule of Facts, Proof,

   Evidence will be place in my Statement of The Case, as

   EXHIBITS MATERIAL, Staring with these Material.

    1. My Employee Benefit Package.
    2. My Benefits Enrollment/ Change Form Contract.
    3. My Check Stubs.
    4. My Order from The United States Dist Court Judge.
    5. My Medical Records.
    6. My Social Security Records.

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

August 3, 2005

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

    RE: Elmore S. Welch, Jr. v. Comcar Industries, et al.

Dear Mr. Welch:

    The above-entitled petition for writ of certiorari was originally postmarked June 23, 2005 and received again on August 2, 2005. The papers are returned for the following reason(s):

    They are returned for failure to reflect the changes requested in prior correspondence.

    No notarized affidavit or declaration of indigency is attached. Rule 39. You may use the enclosed form. *I have a Right to pay $300.00 Filing Fee of Rule 38*

    The appendix to the petition does not contain the following documents required by Rule 14.1(i): *No, contract policy-Never introduced (No issue raised)*
        The opinion of the United States district court must be appended for the Southern District of Alabama (October 14, 2004 order of dismissal). *Page 7-3*

    A copy of the corrected petition must be served on opposing counsel. *Page 1*

    When making the required corrections to a petition, no change to the substance of the petition may be made.

*Rule 14.1(i)*

Sincerely,
William K. Suter, Clerk
By:

Jeffrey Atkins
(202) 479-3263

RECEIVED
AUG 16 2005
OFFICE OF THE CLERK
SUPREME COURT, U.S.

*Federal question sought to be Reviewed were Raised; by U.S. Dist court order my the U.S. Dist Judge, by section 3-1 the opinion of Southern Dist court by Magistrate Rule is Criminal, this Judge fail to introduce A tort contract policy*

Enclosures

*You should be concern with the U.S. District Judge Ruling.*

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC  20543-0001**

August 31, 2005

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

   RE: Elmore S. Welch, Jr, v. Comcar Industries, et al.

Dear Mr. Welch:

   The above-entitled petition for a writ of certiorari was originally postmarked June 23, 2005 and received again on August 31, 2005.  The papers are returned for the following reason(s):

   As indicated in the June 29, 2005 letter, if you intend the pay the $300.00 docket fee, the petition must be in booklet format and on paper that measures 6 1/8 by 9 1/4 inches.  Your petition is on 8 1/2 by 11 inch paper.

   As a corrected petition was not received within 60 days of the June 29, 2005 letter from this Office, the petition is out-of-time.  Rule 14.5.

   Your $300.00 money order is herewith returned.

Sincerely,
William K. Suter, Clerk
By:
Ann McCamey
(202) 479-3392

Serve Notice;

Mrs, Ann McCamey.

   Letter from Aug 31, 2005. of Rule 14.5 you are off by 1 Calendar day., from sixty days in making my Petition correct from June 29,05 to August 26, 05. Would be 59 days, check your Calendar days.
   The U.S. Supreme Court Booklet State Rule 29 Proof of Service is timely file, my Certified Mail was post mark August 26, 2005.
   When Court post A date on a Letter your time start against me, it take five to six days to receive your Letter from the Court, so I lose my filing time, so Rule 29 is for Proof of Service must be in place for the Petition to keep Order of the Court.

Done This_____ 12 _____ Day of ___ September _____ 2005

ELMORE S. WELCH JR. _Elmore Welch_
Enclosures

Notary _Macey M. Hodges_ My Commission Expires August 17, 2007

September 12, 2005

Serve Notice:

At the being of my case I have been Racial Profile of Rule (39.2)(6) Iam being Force to Except in Forma Pauperis in order to have my case file. Now under Rule(12.1)(3) my Petition of Rule(14.1) as <u>All Contents</u> requirements by law and the Appendix Referred to the Subparagraph 1(i).

The Clerk (Ann McCamey) is in Violation of Rule(1) in continue to stage the Petitioner to except a <u>Indigent case</u> to file, what every money I don't have my family will supply in fighting a <u>Tort Case</u> of a Contract Policy, of a Tort Case that speak for it self, if you have a Contract to show.

I object to this line of action I'am not a criminal for you to demand I except Rule(39.2)(6) in order for my Petition to be file, <u>Black Mail</u> by the Clerks of Court.

The Petition Case was not going to be file by these Clerks anyway, it would have made know different how many time my Petition was change, I was <u>Racial Profile</u> by the Clerks at the Start, these Clerks reject my Petition five time, but August 26, 2005. All correction was made to the Petition Case. The Clerk could not state know Law that would be improper done, so State the laws if my Petition was Not Proper done, <u>SO, STOP</u> being a cover up to the Law, I Challenge you to AnyLaw in this Book, I'am Calling you Out to <u>Interpret</u> the Petition Claim.

The being of my Case the Order of Rule(14). The Content of a Petition for a Writ of Certiorari Rule(33.2) and Rule(39) was place on the Petitioner I never ask this Court to File my Case Under Forma Pauperis, -( Clerk Jeffrey Atkins) had in mind to force me to except Rule(39) telling me I must signed of the June 29, 2005. Letter, this is Rail-roading the Petition of this Rights to Comply with other Rules by the Court.

Now Rule(33.1)or Rule(32.2) shall comply with the following Provisions: of Rule(34.1) Section Stated, Document Preparation: Names of person other than Attorneys admitted to a state bar may not be listed, unless the party, is appearing Pro se in which case the party's name, address,and telephone number shall be displayed in an appropriate typographic manner and, except for the identification of counsel, may not be set in type smaller than standard 11-point, if the document is prepared as required by Rule(33.1). and section Rule(34.2).

The Petitioner has a duty right Under Rule(12.3) of a Review on Certiorari: The Petitioner as a right Under Rule(14) to have my Case place on Docket of Rule(29) Proof of Service.

Under Rule(34.1) Clearly show my Petition do not supose to be on any Booklet Format; that measure 6½ by 9¼ the Petition can Not fine Any order or Rule in comply with <u>Both Clerks ORDER</u>

September 12, 2005

2

Serve Notice:

(a) Clerk, Ann McCamey-in Violation of Rule (1) the Clerk.

(b) Clerk has Prejury her self under Rule (29). by U.S. Certified Mail.

(c) The Clerk, is Not Creditable-the Petitioner has made All Correction Required.

(d) Rule (29) by U.S. Certified Mail will show the date of August 26, 2005.

(e) Clerk, Letter of August 31, 2005. stated that the Petition was out of time:.

(f) This is not the Case. The Petitioner Receipts and Certified Mail Enclosed (indicate) on the 26th of August 2005. - that when the Certification was Posted Under Rule (29).

(g) Proof of Claim-by Certified Mail will show on June 29, 2005 from August 26, 2005. will show A Total of 59 days.

(h) The Petitioner, is on time Under Rule (29). by U.S. Certified Mail.

(i) For Rule 14.5-Please make Correction.

(j) Copy of Rule (29) will be Enclosed of the U.S. Rule Booklet.

(k) Server Notice: I know you are woking with the Defense to Dismiss my Case, I have server ( All)Letter of Transactions from All Courts, was Served by U.S. Certified Mail, of R (29).

Done this _____12_____ day of _September_ 2005.

Elmore s. Welch Jr. _Elmore Welch Jr_

Notary _Macy M Hoper_ My Commission Expires August 17, 2007

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC  20543-0001**

September 16, 2005

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

   RE: Elmore S. Welch, Jr. v. Comcar Industries, et al.

Dear Mr. Welch:

   The above-entitled petition for writ of certiorari was originally postmarked June 23, 2005 and received again on September 16, 2005.  The papers are returned for the following reason(s):

   For the reasons stated in the August 31, 2005 letter from this Office.  In particular, the petition was not submitted in booklet format on paper that measures 6 1/8 by 9 1/4 inches.  Your petition was returned for failure to comply with the Rules, not because you exceeded the 60 days given to you to make corrections.

                              Sincerely,
                              William K. Suter, Clerk
                              By:
                              Ann McCamey
                              (202) 479-3392

McCamey, Clerk;
   The petitioner, Response (for) Aug. 31-2005
Letter for the measures 6⅛ by 9¼ Inches.
      I, with draw my money Order filing fee of
$300.00.
         Done this ___20___ day of October 2005
      E.S. Welch JR, petitioner Elmore Welch Jr
      Notary      Tracey M. Hodgen

My Commission Expires August 17, 2007

Enclosures

*Page 34*

## SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

October 31, 2005

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

    RE: Elmore S. Welch, Jr. v. Comcar Industries, et al.

Dear Mr. Welch:

    The above-entitled petition for a writ of certiorari was originally postmarked June 23, 2005 and received again on October 31, 2005. The papers are returned for the following reason(s):

    As a corrected petition was not received within 60 days of the June 29, 2005 letter from this Office, the petition is out-of-time. Rule 14.5.

                   Sincerely,
                   William K. Suter, Clerk
                   By:

                   Ann McCamey
                   (202) 479-3392

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC  20543-0001

November 17, 2005

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

RE: Elmore S. Welch, Jr. v. Comcar Industries, et al.

Dear Mr. Welch:

The papers pertaining to the above-entitled case received November 17, 2005 are herewith returned.  If you are seeking to file a motion to direct the Clerk to file a petition for a writ of certiorari under Rule 14.5, you must submit the motion with the petition for a writ of certiorari.

Sincerely,
William K. Suter, Clerk
By:

Jeffrey Atkins
(202) 479-3263

This Affidavit motion for leave to proceed in forma Pauperia, Wantgiven on August 18, 2005 in my Petition of the Ref-ddek of page 12-1-5 I have know trust in you as a Clerk.

Enclosures

*Page 36*

## SUPREME COURT OF THE UNITED STATES
### OFFICE OF THE CLERK
### WASHINGTON, DC  20543-0001

January 3, 2006

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

   RE: Elmore S. Welch, Jr. v. Comcar Industries, et al.

Dear Mr. Welch:

   The enclosed papers received December 30, 2005 are herewith returned for reasons
indicated in prior correspondence.

                              Sincerely,
                              William K. Suter, Clerk
                              By
                              Ann McCamey
                              (202) 479-3392

*Every law official I contact could not put my Booklet formate on paper that measure 6⅛ x 9¼ size until now, this company said they could give it a try, now this court have my petition and Appendix of a size 6⅛ x 9¼ inch for your recorde and statement from this court; and I will be given the $300.00 filing fee.*

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

January 23, 2006

*DATE WAS NOT Change FoR Feb 2, 2006 CouRt Tampering by CleRK :*

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

RE: Elmore S. Welch, Jr. v. Comcar Industries, et al.

Dear Mr. Welch:

The above-entitled petition for writ of certiorari was received January 23, 2006. The papers are returned for the following reason(s):

~~For the reasons indicated in prior correspondence. In particular, please refer to the letter dated September 19, 2005.~~

Sincerely,
William K. Suter, Clerk
By:

Ann McCamey
(202) 479-3392

*Not SigN by CleRK : ANN McCamey*

Enclosures

*Page 38*

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

September 8, 2006

Elmore S. Welch
141 1/2 Carver Avenue
Atmore, AL 36502

    RE: Elmore S. Welch, Sr. v. Comcar Industries, et al.

Dear Mr. Welch:

    The enclosed petition for writ of certiorari and the money-order in the amount of $300.00 are herewith returned for the reasons stated in this Office's October 31, 2005 correspondence.

                             Sincerely,
                             William K. Suter, Clerk

                             By:

                             Erik Fossum
                             (202) 479-3392

Enclosures

**ESTIMATE**

**Franklin's**
10 E. Fairfield Dr. Ste. A
Pensacola FL 32501
850-433-8338
Fax 850-433-8337

No.  **E#4354**

*Page 39*

Date     1/12/06

Customer P.O. No.

_more S. Welch, Jr.

Phone: 251-368-9213

| QUANTITY | DESCRIPTION | AMOUNT |
|---|---|---|
| 1 | Booklets - Petitions (18 pages) | 26.40 |
| | B&W Copies, 6.125 x 9.25 White 20#Bond High Impact, 16 originals, copied on 1 side | |
| | Covers & Backs, 6.125 x 9.25 White 67# Vellum Bristol, 2 originals, copied on 1 side | |
| 1 | Booklets - Petitions (37 pages) | 28.14 |
| | B&W Copies, 6.125 x 9.25 White 20#Bond High Impact, 35 originals, copied on 1 side | |
| | Covers & Backs, 6.125 x 9.25 White 67# Vellum Bristol, 2 originals, copied on 1 side | |

*for the United State Supreme Court*

ales Rep: House
ccount Type: Charge

ec"d By: _____

ate: ____/____/____

File Originals
Ship Via:
Wanted: Tue 1/17
Booklets - Petitions

| | |
|---|---|
| **SUB** | 54.54 |
| **TAX** | 4.09 |
| **SHIPPING** | |
| **TOTAL** | 58.63 |



# CUSTOMER'S RECEIPT

**UNITED STATES POSTAL SERVICE®**

KEEP THIS
RECEIPT FOR
YOUR RECORDS

PAY TO: Supreme Court of The U.S,
ADDRESS WAsh, DC, 20543
C. O. D. OR
USED FOR

SEE BACK OF THIS RECEIPT
FOR IMPORTANT CLAIM
INFORMATION
**NOT NEGOTIABLE**

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | AMOUNT | CLERK |
|---|---|---|---|---|
| 09054083485 | 2006-08-23 | 365020 | $ 300.00 | 0002 |



# POSTAL MONEY ORDER

**UNITED STATES POSTAL SERVICE®**          15-800/000

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | U.S. DOLLARS AND CENTS |
|---|---|---|---|
| 09054083485 | 2006-08-23 | 365020 | $300.00¢ |

AMOUNT **THREE HUNDRED DOLLARS & 00ll ***********

PAY TO: Supreme Court of The U.S
ADDRESS WAsh, DC, 20543

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
SEE REVERSE WARNING

FROM Charle S welch JR    CLERK 0002
ADDRESS 142 Caruce Ave
Atmore AL 36502

C.O.D. NO. OR
USED FOR

⑈000000800 2⑈    0905408 3485⑈



 **CHOICE MD PLAN**



CARE TYPE
## PPO

**CIGNA HealthCare**

*Preferred Provider Access*<sup>SM</sup> - *PPA*

| COPAY | |
|---|---|
| DR VISIT | $30 |
| HOSPITAL ER | $50 |
| URGENT CARE | $50 |
| RXPRIME | $10/20/40 |
| DEDUCTIBLES | |
| INDIVIDUAL | $1,000 |
| FAMILY | $3,000 |
| COINSURANCE | |
| PPO | 80%/20% |
| NON PPO | 60%/40% |

**COMCAR**
**ACCOUNT 3104496**
**ID 416883305 01**
**NAME ELMORE WELCH**

**SVCTYPE MEDICAL, DRUG**

**Rx PRIME**



| MEDICARE. | HEALTH INSURANCE |
|---|---|

**1-800-MEDICARE (1-800-633-4227)**

NAME OF BENEFICIARY
**ELMORE S WELCH JR**

MEDICARE CLAIM NUMBER          SEX
**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-A**          **MALE**
IS ENTITLED TO          EFFECTIVE DATE
**HOSPITAL (PART A)    04-01-2004**
**MEDICAL  (PART B)    04-01-2004**

SIGN ➡
HERE    _____