```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                               )
ELMORE S. WELCH, JR.,          )
                               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No. 07-0057 (RWR)
                               )
JEFFREY ATKINS, and            )
ANN MCCAMEY,                   )
                               )
        Defendants.            )
_____)
```

## MEMORANDUM OPINION

*Pro se* plaintiff Elmore Welch sued defendants, employees of the Clerk of the United States Supreme Court, alleging that the employees violated his rights and Supreme Court rules by refusing to accept his petition for a writ of certiorari. Welch seeks monetary damages and an order requiring that his petition receive consideration. Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted.[1] Because the Clerk of the United States Supreme Court and his employees enjoy absolute judicial immunity when acting in their official capacity, and because this court has no authority over the officers of a higher court, the defendants' motion to dismiss will be granted.

---

[1] Consistent with Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the *pro se* plaintiff was advised of his obligations regarding responding to the motion. See Order, August 29, 2007.

-2-

The defendants received Welch's petition and deemed it not to be in compliance with the relevant provisions of the Supreme Court Rules. Receiving and processing such petitions falls within the official duties of the Supreme Court Clerk, and his office "has authority to reject any submitted filing that does not comply with [the Court] Rules." See Sup. Ct. R. 1. Because "clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process," Sindram v. Suda, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) (per curiam), Welch is not entitled to the monetary relief he seeks. The mandamus relief he seeks is similarly unavailable because there is "no authority for the proposition that a lower court may compel the Clerk of the Supreme Court to take any action." In re Marin v. Suter, 956 F.2d 339, 340 (D.C. Cir. 1992). That supervisory responsibility is exclusive to the Supreme Court. Id.

Accordingly, the court will dismiss Welch's complaint for failure to state a claim upon which relief can be granted. An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 26th day of October, 2007.

                                               /s/
                                  RICHARD W. ROBERTS
                                  United States District Judge